J-S46021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEVON J. MOORE | : | |
| | : | |
| Appellant | : | No. 2997 EDA 2017 |

Appeal from the PCRA Order August 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1101601-1992,
CP-51-CR-1110361-1992, CP-51-CR-1134731-1992

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 17, 2018**

Levon J. Moore ("Appellant") appeals *pro se* from the order denying his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.[1]  We affirm.

---

[1]  Appellant has filed multiple PCRA petitions at the above-cited dockets, raising substantive and ineffectiveness claims.  Specifically, Appellant filed a petition on March 27, 1997, which the trial court denied on January 28, 1998. We affirmed the denial, and the Supreme Court denied a petition for allowance of appeal.  **Commonwealth v. Moore**, 758 A.2d 723, 00524 EDA 99 (Pa. Super. filed April 14, 2000) (unpublished memorandum), *appeal denied*, 764 A.2d 1067, 263 E.D.Alloc. 2000 (Pa. filed October 25, 2000).  Appellant filed a second petition on October 11, 2007.  The trial court dismissed it as untimely on June 25, 2008, and we affirmed the dismissal. **Commonwealth v. Moore**, 970 A.2d 474, 2128 EDA 2008 (Pa. Super. filed February 19, 2009) (unpublished memorandum).  Appellant filed a third petition on June 9, 2008. The trial court dismissed it for lack of jurisdiction due to a pending appeal. Pa.R.Crim.P. 907 Notice, 11/4/08; Order, 12/17/08.  Appellant did not appeal.

The PCRA court summarized the history of the underlying matter[2] as follows:

> On February 22, 1994, [Appellant] was found guilty by a jury of criminal conspiracy, theft by receiving stolen property, a violation of the Uniform Firearms Act, and two counts of robbery. [Appellant] was sentenced [on May 3, 1994] to twenty-seven and one-half years to fifty-five years imprisonment. The Superior Court affirmed the judgment of sentence on November 8, 1995. The Supreme Court denied *allocatur* on April 23, 1996. [Appellant] filed his first *pro se* PCRA petition on March 27, 1997. Counsel was appointed, and the trial court eventually dismissed the petition on January 27, 1998[.] The Superior Court affirmed the dismissal on April 14, 2000, and the Pennsylvania Supreme Court denied allocatur on October 25, 2000. [Appellant] filed another PCRA petition in 2007, which was ultimately denied[.]
>
> [Appellant] filed the instant *pro se* PCRA petition on May 17, 2012 under all three docket numbers. He filed an Amended Petition on September 17, 2015. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the

_____

[2] Our rules of appellate procedure provide that, "[w]here . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed." Pa.R.A.P. 341, Note (citing **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007)). Similarly, Pa.R.A.P. 301(b) requires that "[e]very order shall be set forth on a separate document." Recently, the Pennsylvania Supreme Court held "that prospectively, where a single order resolves the issues arising on more than one docket, separate notices of appeal must be filed for each case." **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).

Here, Appellant listed all three docket numbers on his PCRA petition, and the trial court entered one order dismissing the petition with regard to all three docket numbers; however, Appellant filed a single notice of appeal that listed all three docket numbers. PCRA Petition, 9/17/15, at 1; Order, 8/27/17; Notice of Appeal, 9/7/17. On the cover of his appellate brief, Appellant lists just one docket, CP-51-CR-1110361-1992. In the interest of judicial economy, we shall overlook Appellant's procedural error but limit our review to the single docket listed on Appellant's brief because Appellant's appeal predates the holding in **Walker** and the Commonwealth has not filed a timely objection to the appeal.

- 2 -

lower court's intention to dismiss his petition on February 16, 2017[.]

PCRA Court Opinion, 8/23/17, at 1–2 (footnotes omitted).

The PCRA court dismissed Appellant's petition on August 23, 2017, as untimely. This appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant states the following questions, which we have reproduced verbatim:

> Whether the PCRA Court erred in dismissing appellants PCRA filed within 60-days of Martinez v. Ryan 132 S.Ct 1309 (2012) as untimely where the appellant raised the issue of first PCRA Counsel's ineffectiveness for failure to raise trial counsel's ineffectiveness where the Commonwealth at sentencing made false statements not supported by the record that appellant had been released on bail and had been rearrested and convicted of manslaughter which the trial court improperly used in its sentencing scheme?
>
> Whether the PCRA Court erred in dismissing the appellants PCRA as untimely (filed within 60-days of Martinez v Ryan) where appellant raised issue of first PCRA Counsel's ineffectiveness for failure to raise trial counsel's ineffectiveness for failure to investigate and to produce at trial an alibi witness (who's name is mentioned in trial transcripts)?
>
> Whether the PCRA Court erred in dismissing appellants PCRA as untimely (filed within 60-days of Martinez v. Ryan) where appellant raised issue of first PCRA Counsel's ineffectiveness for failure to raise trial counsel's ineffectiveness for failure to subpoena an alleged ripped shirt that the arresting police officer testified he tore while in pursuit of the appellant?
>
> Whether the PCRA Court erred in dismissing appellants PCRA as untimely where appellant raised issue of actual innocence which is one of the exceptions to the one year statute of limitations?

Appellant's Brief at 5.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Initially, we must determine whether the PCRA court had jurisdiction to review the merits of Appellant's issues. The timeliness of a PCRA petition is a jurisdictional threshold that a court may not disregard in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citing **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000)). Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Where a petitioner's judgment of sentence became final on or before the effective date of the amendment, a special grace *proviso* allowed first PCRA petitions to be filed by January 16, 1997. ***See Commonwealth v. Alcorn***, 703 A.2d 1054, 1056–1057 (Pa. Super. 1997) (explaining application of PCRA timeliness *proviso*).

Our review of the record reflects that Appellant was sentenced at CP-51-CR-1110361-1992 on May 3, 1994. Appellant filed a direct appeal. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied *allocatur*. ***Commonwealth v. Moore***, 673 A.2d 403, 745 PHL 1994 (Pa. Super. filed November 8, 1995) (unpublished memorandum), *appeal denied*, 675 A.2d 1245, 967 E.D.Alloc. 1995 (Pa. filed April 23, 1996). Appellant did not file a petition for writ of *certiorari* in the United States Supreme Court. Accordingly, Appellant's judgment of sentence became final on Monday, July 22, 1996, ninety days after the Pennsylvania Supreme Court denied discretionary review and the time for seeking review in the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13.

Appellant's judgment of sentence became final after the effective date of the PCRA amendments; therefore, he had to file a PCRA petition on or before Tuesday, July 22, 1997. 42 Pa.C.S. § 9545(b)(1). The instant PCRA petition, filed on May 17, 2012, is patently untimely as to the judgment of sentence entered at CP-51-CR-1110361-1992.

The PCRA provides that an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant attempts to overcome the PCRA time bar by citing *Martinez v. Ryan*, 566 U.S. 1 (2012), for the proposition that a petitioner is permitted

---

[3]  The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

to file a PCRA petition within sixty days of discovering the ineffectiveness of his PCRA counsel. Appellant's Brief at 8. However, **Martinez** pertains to federal habeas corpus law, not PCRA petitions; thus, it is not dispositive of Appellant's claims and affords him no relief.

The **Martinez** Court recognized that, for purposes of federal habeas corpus relief, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel." **Martinez**, 566 U.S. at 9. Nevertheless, this Court has held, "While **Martinez** represents a significant development in federal habeas corpus law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in section 9545(b)(1) of the PCRA." **Commonwealth v. Saunders**, 60 A.3d 162, 165 (Pa. Super. 2013).[4]

_____

[4] Additionally, our review of the record reveals that this Court addressed Appellant's ineffectiveness claim based on prosecutorial misconduct during sentencing in the appeal from the June 25, 2008 order denying Appellant's 2007 PCRA petition. **Commonwealth v. Moore**, 970 A.2d 474, 2128 EDA 2008 (Pa. Super. filed February 19, 2009) (unpublished memorandum at 3–5). We disposed of Appellant's alibi-defense-based ineffectiveness claim on direct appeal. **Commonwealth v. Moore**, 673 A.2d 403, 01648 PHL 1994 (Pa. Super. filed November 8, 1995) (unpublished memorandum at 7–8). Finally, as stated above, federal _habeas corpus_ decisions regarding claims of ineffectiveness and actual innocence are "irrelevant to our construction of the timeliness provisions set forth in the PCRA." **Commonwealth v. Brown**, 143 A.3d 418, 420–421 (Pa. Super. 2016).

Consequently, because the PCRA petition was untimely and Appellant has failed to plead and prove an exception to the statutory time bar, the PCRA court properly dismissed Appellant's petition. ***Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002). Thus, we affirm the PCRA court's order.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* 8/17/2018